# Merolla & Gold, LLP
### ATTORNEYS AT LAW

A. Todd Merolla, P.C. (GA, FL & NY)　　　　　　　　　　　　　　　　　　　　　　　　　　Ronald T. Gold (1948-2009)
James S. Schell

75 14TH STREET, SUITE 2130
ATLANTA, GEORGIA 30309

TELEPHONE: 404-888-3772
FACSIMILE: 404-888-3737
www.merollagold.com　　　　　　　　　　　atm@merollagold.com

February 3, 2015

Hon. Jesse M. Furman, U.S.D.J.
United States District Court, Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

RE:　**Doscher v. Sea Port Group Securities, LLC, et.al**
　　　**USDC SDNY; Case No. 15 CV 384 (JMF) (AJP)**

Dear Judge Furman:

We represent the Petitioner, and request a conference on the existing Scheduling Order [Doc. No. 13], as authorized by your minute Order yesterday [Doc. No. 16]. We request additional time to submit any additional materials in support of the Petition, as permitted by the Scheduling Order with a current deadline of February 13, 2015, as we seek some limited discovery. I conferred in good faith with Respondents' counsel Ronald G. Blum and Prana Topper in a telephone conference on January 30, 2015, and yesterday they informed me in no uncertain terms that they will not agree to any discovery. We served subpoenas on non-parties Sobel & Co. and Povol and Feldman yesterday morning [Doc. Nos. 14 and 15], in in the same e-mail, counsel claimed we were engaging in an abuse of process and would seek relief from the Court if not withdrawn. Neither counsel for Sobel, nor Povol have objected as of this letter.

We are aware that discovery in a post-arbitration judicial proceeding to confirm or vacate is available only in limited circumstances. However, we believe this is one of those cases. Where the arbitration was a compulsory forum rather than consensual,[1] as is the case herein, due process considerations require the courts to exercise a broader scope of review because the

---

[1] FINRA Rule 13200 mandated Doscher to arbitrate the underlying case, as it involved a dispute arising out of the business activities among Members and Associated Persons.

claimant is denied access to the courts in the first instance. *Lyeth v. Chrysler Corporation*, 929 F.2d 891, 896 (2d Cir. 1991). Discovery is permitted when "relevant and necessary to the determination of an issue raised by such an application." *Frere v. Orthofix, Inc.*, 2000 U.S. Dist. LEXIS 17467, *15 (S.D.N. Y. Dec. 4, 2000), *citing*, among others, *I.A.M. Nat'l Pension Fund Benefit Plan A v. Allied Corp.*, 97 F.R.D. 34, 36 (D.D.C. 1983) ["Implicit in the court's power to "enforce, vacate, or modify" an arbitrator's award is the power to require discovery of the facts underlying the action the court is being requested to take"]. Information is relevant and necessary when related to issues with "at least some cloudiness that may impact on a resolution of the vacatur motion." *Frere,* at *22. *See also Sanko S.S. Co. v. Cook Industries. Inc.*, 495 F.2d 1260 (2d Cir.1973) [remanding to district court so that an evidentiary hearing for the vacatur of an arbitration award may take place where there remained discrepancies as to facts that have not yet been "thoroughly aired"].

When considering discovery devices, "the court must weigh the asserted need for hitherto undisclosed information and assess the impact of granting such discovery on the arbitral process." *Frere*, at *15. "The inquiry is an entirely practical one, and is necessarily keyed to the specific issues raised by the party challenging the award and the degree to which those issues implicate factual questions that cannot be reliably resolved without some further disclosure." *Id.*

As described in the Petition [Doc No. 1], with respect to the financial information delivered to Sobel & Co. and the tax return information for Seaport, this is not a situation where the Arbitral Panel found the documentation was not discoverable. In fact, there were two orders compelling the information. (Petition, ¶ 6). In response, Respondents counsel represented they did not know what was delivered to Sobel & Co., and with respect to the internal, native QuickBooks accounting files, that turned out to be false, based on the sworn testimony of Allan Povol (Seaport's accountant), on the last day of trial. (*Id.*, ¶ 35-39, 106-107). While the Arbitral

Panel initially ordered production, ultimately it did nothing. (*Id.*, ¶ 40, 93, 108). That is a significant issue raised in the Petition, and a topic on which Doscher requests limited discovery. Notably, Mr. Blum suggested that the Arbitral Panel issue a subpoena to Sobel & Co. on the last day of the trial (Petition, ¶ 93), but now he objects to the pending one. [Doc. No. 14]. Regarding the tax returns, multiple versions of the same tax years were produced during discovery and submitted during trial, and no witness could avow to which were actually filed with the taxing authorities. (*Id.* ¶ 101-102). The purported subsequently executed Seaport operating agreement among Meagher, Smith, and Meyer relate to the issue of whether Doscher ever had a "real" operating agreement to sign, which Respondents contend was the reason he forfeited his equity interest. (*Id.*, ¶ 75, 109). The Arbitral Panel inquired about the differences between the May 2013 operating agreement and the prior drafts tendered to Doscher, and there was no responsive answer. (*Id.*, ¶80). And Seaport's merger documentation is tied to the consequence of Doscher retaining his equity interest. (*Id.*, ¶ 110).

As such, we request limited discovery be undertaken in this case on the aforementioned topics, which includes a directive that Seaport and its principals execute IRS Form 4506 for the production of tax returns and K-1s directly from the IRS for the years 2009, 2010, 2011, and 2012, and an adjournment of the recently set briefing schedule. [Doc. No. 13]. Petitioner requests fourteen days after the completion of the above-referenced discovery, particularly the receipt of the tax information directly from the IRS, to deliver any additional materials in support of the Petition.

Thank you for continued consideration.

Sincerely,

A. Todd Merolla

CC:   Counsel for Respondents