```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
DREW DOSCHER,                                                           :
                                                                        :
                                    Plaintiff,                          :      15-CV-384 (JMF)
                                                                        :
          -v-                                                           :      MEMORANDUM OPINION
                                                                        :           AND ORDER
SEA PORT GROUP SECURITIES, LLC, et al.,                                 :
                                                                        :
                                    Defendants.                         :
                                                                        :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/05/2015

JESSE M. FURMAN, United States District Judge:

Petitioner Drew Doscher brings suit against Respondents Sea Port Group Securities, LLC, Stephen Smith, Michael Meagher, Michael Meyer, The Seaport Group, LLC, Armory Advisers, LLC, Armory Fund, LP, and Seaport V, LLC pursuant to Section 10 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 *et seq.*, seeking to vacate in part an arbitral decision by the Financial Industry Regulatory Authority ("FINRA"). For the reasons that follow, Doscher's Petition is dismissed for lack of subject-matter jurisdiction.

## BACKGROUND

The relevant background can be summarized briefly. From 2009 to 2013, Doscher worked for The Seaport Group, LLC and its broker-dealer, Sea Port Group Securities, LLC (together, "Seaport"), both of which are Members of FINRA. (Decl. A. Todd Merolla (Docket No. 17) ("First Merolla Decl."), Ex. 27 at 12, 16; *see id.*, Ex. 2 at ¶¶ 1-2). As such, Doscher and Seaport are "Associated Persons"— that is, "person[s] engaged in the investment banking or securities business who [are] directly or indirectly controlled by a FINRA member," *see* FINRA, *Dispute Resolution Glossary*, https://www.finra.org/arbitration-and-mediation/dispute-

resolution-glossary — and disputes between them are therefore subject to mandatory arbitration under FINRA's rules, *see* FINRA Rule 13200, *available at* http://finra.complinet.com/en/display/display_main.html?rbid=2403&element_id=4203.

In June 2013, after he severed ties with Seaport, Doscher commenced an arbitration against Seaport and the individual Respondents, who owned or worked at Seaport. (Resp'ts' Resp. Pet'r's Statement Material Facts (Docket No. 39) ("Resp'ts' 56.1 Statement") ¶ 1; First Merolla Decl., Ex. 2). In his initial statement of claim, Doscher alleged, among other things, breach of contract, retaliatory discharge, and unjust enrichment. (First Merolla Decl., Ex. 2 at 16-17, 19). Thereafter, Doscher filed an amended statement adding a claim for securities fraud under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5. (Resp'ts' 56.1 Statement ¶ 4; First Merolla Decl., Ex. 5 at 21-22). Doscher sought damages in excess of $15 million. (First Merolla Decl., Ex. 1 at 2). On October 22, 2014, the arbitral panel ruled in his favor, but awarded him only $2,289,774, as well as a commission on a potential trade should it eventually settle. (*Id.* at 3). Thereafter, Doscher commenced this case by filing a petition to vacate in part the arbitration award pursuant to Section 10 of the FAA. (Pet. To Vacate and Modify Arbitration Award (Docket No. 1) ("Petition")).[1]

In his Petition, Doscher argues that the arbitration should be vacated in part for two reasons. First, Doscher contends that the arbitration should be vacated pursuant to Section 10(a)(3) of the FAA because the arbitrators "refused to insure [*sic*] that relevant documentary

---

[1] In addition, Doscher has filed suit in New York State Supreme Court alleging a violation of Section 487 of New York's Judiciary Law. (Resp'ts' Opp'n Pet. To Vacate & Modify In Part FINRA Arbitration Award & Supp. Confirming Award (Docket No. 35) ("Resp'ts' Mem.") 13; Pet'r's Reply Mem. Law Supp. Pet. To Vacate & Modify Arbitration Award (Docket No. 41) ("Pet'r's Reply Mem.") 6 n.3).

evidence in the possession, custody, and control of the Respondents and their counsel were fully and timely made available to him." (Pet'r's Mem. Law Supp. Pet. To Vacate & Modify Arbitration Award (Docket No. 32) ("Pet'r's Mem.") 6; *see also id.* at 16-17). Additionally (but relatedly), Doscher asserts that "the arbitrators acted in 'manifest disregard' of the law" — specifically, FINRA Rule 13505, which requires parties to "cooperate to the fullest extent practicable in the exchange of documents and information to expedite the arbitration." (*Id.* at 6; *see also id.* at 23).

## SUBJECT-MATTER JURISDICTION

The Court begins, as it must, with the issue of subject-matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).[2] As noted, Doscher brings his Petition pursuant to Section 10 of the FAA. The FAA, however, is "something of an anomaly in the realm of federal legislation: It bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis over the parties' dispute." *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (internal quotation marks omitted). In other words, "federal question jurisdiction does not arise simply because a petitioner brings a claim under . . . the FAA." *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 25 (2d Cir. 2000). Instead, a district court must have "an independent jurisdictional basis" to entertain a petition to vacate an arbitration. *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). Here, because the

---

[2] In his reply memorandum, Doscher contends that the Court should ignore Respondents' argument that the Court lacks subject-matter jurisdiction on the ground that their memorandum violates the Court's page-length limitations by incorporating an earlier filing in this case by reference. (Pet'r's Reply Mem. 3 n.2 (citing *Flaherty v. Filardi*, No. 03-CV-2167 (LTS) (HBP), 2009 WL 749570, at *20 (S.D.N.Y. Mar. 20, 2009)). Whether Respondents' submissions comply with the Court's rules or not, however, the Court has an independent obligation to examine whether it has subject-matter jurisdiction. *See, e.g.*, *Goldman, Sachs & Co. v. Golden Empire Sch. Fin. Auth.*, 764 F.3d 210, 213 (2d Cir. 2014).

3

parties are not diverse (*see* First Merolla Decl., Ex. 2 ¶¶ 1-10), the only conceivable basis for jurisdiction — and the only basis proffered by Doscher (Petition ¶ 16; Pet'r's Mem. 12-13) — is Title 28, United States Code, Section 1331, which grants the Court jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  In particular, Doscher contends that that the Court has jurisdiction both because he alleges that the arbitral panel violated the FINRA Rules and those Rules "are substantive federal law" and because he pursued claims under federal law — namely, the Securities Exchange Act and federal regulations — in the underlying arbitration.  (Pet'r's Mem. 12-13).

  The first contention — that the arbitral panel's alleged disregard or violation of FINRA Rules gives rise to federal-question jurisdiction — is easily rejected.  As many courts have held with respect to petitions to vacate arbitration awards from FINRA or its predecessor organization, the National Association of Securities Dealers ("NASD"), allegations that an arbitration panel "manifestly disregarded" FINRA or NASD Rules "do not constitute a valid claim for manifest disregard of federal law." *Goldman v. Citigroup Global Markets Inc.*, No. 12-CV-4469 (ABB), 2015 WL 2377962, at *4 (E.D. Pa. May 19, 2015); *see Ford v. Hamilton Invs., Inc.*, 29 F.3d 255, 259 (6th Cir. 1994); *Intervest Intern. Equities Corp. v. Aberlich*, No. 12-CV-13750 (DPH), 2013 WL 1316997, at *4 (E.D. Mich. Mar. 29, 2013); *Dreyfus Serv. Corp. v. Gold*, No. 02-CV-9415 (LAK), 2002 WL 31802347, at *1 (S.D.N.Y. Dec. 12, 2002); *Appl. of Prudential Sec. Inc.*, 795 F. Supp. 657, 659 (S.D.N.Y. 1992); *see also Apollo Property Partners, LLC v. Newedge Fin., Inc.*, 08-CV-1803 (EW), 2009 WL 778108, at *2 & n.14 (S.D. Tex. Mar. 20, 2009) ("As many courts have held, a breach of NASD rules is simply a breach of a private association's rules, although that association is one which is closely related to the SEC, and therefore does not present a question which arises under the laws of the United States." (internal

4

quotation marks omitted) (citing cases)).  As those courts have explained, FINRA's rules "are established and enforced by a private association," so they "do not give rise to federal question jurisdiction."  *Prudential*, 795 F. Supp. at 659.  Accordingly, Doscher's claim that the arbitral panel violated or disregarded FINRA Rules does not constitute a federal question for purposes of Section 1331.

Doscher's alternative argument for subject-matter jurisdiction — based on the fact that he pursued claims under the Exchange Act and SEC Regulations in the underlying arbitration — is also easily rejected, as it is squarely foreclosed by the Second Circuit's decision in *Greenberg*.  In that case, the petitioner sought to vacate an arbitration award that had dismissed his federal securities fraud claims against a clearing broker.  On appeal, the Second Circuit held that, in determining whether there is jurisdiction over a petition to vacate an arbitration award brought pursuant to Section 10 of the FAA, a court may not "look through" the petition to the claims in the underlying arbitration.  *See* 220 F.3d at 25-26.  The Court cited *Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263 (2d Cir. 1996), in which it had ruled that there is no subject-matter jurisdiction over a petition to compel arbitration under Section 4 of the FAA "'merely because the underlying claim raises a federal question.'"  *Id.* at 26 (quoting *Westmoreland*, 100 F.3d at 268).  "The holding in *Westmoreland*," the Court explained, "logically extends to motions to vacate an arbitration award under § 10 of FAA. . . .  Accordingly, the fact that the arbitration concerns issues of federal law does not, standing alone, confer subject matter jurisdiction on a federal district court to review the arbitral award."  *Id.*

In arguing otherwise (Pet'r's Mem. 12-13; Pet.'s Reply Mem. 3 n.2), Doscher relies exclusively on the Supreme Court's 2009 decision in *Vaden*, which held that, with respect to petitions to compel arbitration under Section 4 of the FAA, federal courts may in fact "'look

5

through' [the] petition to determine whether it is predicated on an action that 'arises under' federal law." 556 U.S. at 62. In fairness, *Vaden* does raise doubts about the validity of *Greenberg*. After all, *Vaden* abrogated the Second Circuit's decision in *Westmoreland*, *see id.* at 57, and, as noted, the holding in *Westmoreland* was the basis — indeed, arguably the primary basis — for the Court's conclusion in *Greenberg*.[3] This Court, however, must follow *Greenberg* unless and until it is overruled in a precedential opinion by the Second Circuit itself or "unless a subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overruled by the Second Circuit." *United States v. Emmenegger*, 329 F. Supp. 2d 416, 429 (S.D.N.Y. 2004).[4] Thus, "[t]he precise question for this Court . . . is not whether, by its own analysis," *Vaden*'s reasoning supports a finding that a federal court may "look through" a petition to vacate under Section 10 of the FAA to determine if there is federal-question

---

[3] Moreover, in *Westmoreland*, the Court observed that allowing a court to "look through" a petition to compel under Section 4, but not a petition to vacate under Section 10, "would truly be 'bizarre,' because '[t]he interest of the federal court in determining whether the arbitration award was entered in manifest disregard of the federal law . . . would seem to be far greater than the federal interest in seeing that the claims could be arbitrated.'" 100 F.3d at 268 (quoting *Drexel Burnham Lambert, Inc. v. Valenzuela Bock*, 696 F.Supp. 957, 963 (S.D.N.Y. 1988)). Other courts, however, have taken a different view, reasoning that it is not "necessarily anomalous for Congress to have intended that federal courts take jurisdiction for purposes of a motion to compel where the underlying dispute is federal, but not take jurisdiction on a parallel motion to vacate. The primary purpose of the Arbitration Act was to reverse the centuries of judicial hostility to arbitration agreements, by placing arbitration agreements upon the same footing as other contracts. The central federal interest was enforcement of agreements to arbitrate, not review of arbitration decisions." *Minor v. Prudential Sec., Inc.*, 94 F.3d 1103, 1106-07 (7th Cir. 1996) (internal citations and quotation marks omitted).

[4] In *Bittner v. RBC Capital Markets*, 331 F. App'x 869, 871 (2d Cir. 2009) (summary order), the Second Circuit "assum[ed], *arguendo*," that *Vaden* authorized a district court to "look through" a petition to vacate. More recently, in *Giusti v. Morgan Stanley Smith Barney, LLC*, 581 F. App'x 34, 35 (2d Cir. 2014) (summary order), the Court stated, quoting *Vaden* but otherwise without analysis, that "[f]ederal courts may 'look through' a petition to vacate an arbitration award to assess whether, 'save for the arbitration agreement,' the court would have jurisdiction over 'the substantive controversy between the parties.'" Since *Vaden*, the Second Circuit does not appear to have addressed the issue in a precedential opinion, let alone *en banc*.

jurisdiction.  *Id.*  Instead, "it is whether [*Vaden*] so conclusively supports that finding that the Second Circuit or the Supreme Court is all but certain to overrule [*Greenberg*]."  *Id.*; *see also Monsanto v. United States*, 348 F.3d 345, 351 (2d Cir. 2003) (noting that district courts and the Second Circuit itself are "required to follow" a Second Circuit decision, even if it is in "tension" with subsequent Supreme Court precedent, "unless and until that case is reconsidered by [the Second Circuit] sitting in banc (or its equivalent) or is rejected by a later Supreme Court decision"); *United States v. Wong*, 40 F.3d 1347, 1373 (2d Cir. 1994) ("[U]ntil the Supreme Court rules otherwise, the district court would be obliged to follow our precedent, even if that precedent might be overturned in the near future.").

The Court cannot say that, in light of *Vaden*, "the Second Circuit or the Supreme Court is all but certain to overrule" *Greenberg*.  *Emmenegger*, 329 F. Supp. 2d at 429.  The Supreme Court's holding in *Vaden* was based primarily on the text of Section 4, which provides that a party may petition to compel arbitration in "any United States district court which, save for [the arbitration] agreement, would have jurisdiction under title 28 . . . of the subject matter of a suit arising out of the controversy between the parties."  9 U.S.C. § 4; *see* 556 U.S. at 62 ("The text of § 4 drives our conclusion that a federal court should determine its jurisdiction by 'looking through' a § 4 petition to the parties' underlying substantive controversy. . . .  The phrase 'save for [the arbitration] agreement' indicates that the district court should assume the absence of the arbitration agreement and determine whether it 'would have jurisdiction under title 28' without it.").  Section 10 of the FAA, however, does not include the critical phrase "save for [the arbitration] agreement" or anything similar.  In light of that textual difference, some courts had held, even before *Vaden*, that while federal courts could perhaps "look through" a petition to compel under Section 4 in determining jurisdiction, they could not do so with respect to a

7

petition to vacate under Section 10.  *See, e.g.*, *Minor*, 94 F.3d at 1106-07; *see also Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1246-47 (D.C. Cir. 1999) (assuming, *arguendo*, that the "save for" language in Section 4 permitted a court to assert jurisdiction over a petition to compel based on a federal question presented in the underlying dispute, but concluding that the absence of equivalent language in Section 10 precluded a court from looking to the underlying dispute to establish jurisdiction over a petition to vacate).

Even more significant, several courts have reached that same conclusion in the wake of *Vaden*, reasoning that the Supreme Court's decision "rested on language specific to § 4 that does not appear in . . . [§] 10." *Royal Bank Am. v. Kirkpatrick*, Nos. 11-CV-1058, 11-CV-1112 (TJS), 2011 WL 4528349, at *3 n.5 (E.D. Pa. Sept. 30, 2011); *see, e.g.*, *Goldman*, 2015 WL 2377962, at *3 & n.7 (applying *Greenberg*); *Crews v. S & S Serv. Ctr. Inc.*, 848 F. Supp. 2d 595, 599-600 (E.D. Va. 2012) (declining to "apply the 'look through' test to § 10, because the 'unique jurisdictional language' of § 4 that gave rise to the test is absent in § 10"); *Sonic Auto., Inc. v. Price*, No. 10-CV-382 (RLV), 2011 WL 3564884, at *8 (W.D.N.C. Aug. 12, 2011) (applying *Greenberg*); *see also Trustees of Local Union No. 580 of Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Iron Workers Employee Ben. Funds v. Gen. Fence Corp.*, No. 13-CV-6006 (SJF) (WDW), 2014 WL 1800428, at *11 (E.D.N.Y. May 5, 2014) ("[T]he look-through doctrine is, at this time, limited to petitions to compel arbitration under FAA § 4 and *Greenberg*'s reasoning is still applicable outside that context.").  Thus, while it is certainly fair to say that "a question exists as to whether the *Greenberg* jurisdictional reasoning is in fact abrogated by *Vaden*," *Gen. Fence Corp.*, 2014 WL 1800428, at *11, the Court cannot say that the Supreme Court's decision in *Vaden* renders the holding of *Greenberg* "untenable," *Emmenegger*, 329 F. Supp. 2d at 436.  It follows that the Court is bound by *Greenberg* and may

8

not assert jurisdiction based on Doscher's claims in the underlying arbitration. Accordingly, the Petition must be and is dismissed for lack of subject-matter jurisdiction.[5]

## THE PARTIES' REQUESTS TO FILE DOCUMENTS UNDER SEAL

Finally, the Court turns to the parties' requests to file certain documents under seal or in redacted form. Given the Court's conclusion that it does not have jurisdiction over this case, it did not consider the merits of the parties' disputes and therefore did not consider the documents at issue. "In light of the fact that the Court did not need to consider those submissions, the right of public access does not call for disclosure." *Ross v. AXA Equitable Life Ins. Co.*, — F. Supp. 3d —, No. 14-CV-2904 (JMF), 2015 WL 4461654, at *11 n.3 (S.D.N.Y. July 21, 2015); *accord In re General Motors LLC Ignition Switch Litig.*, Nos. 14-MD-2543 (JMF), 14-MC-2543 (JMF), 2015 WL 4522778, at *7 (S.D.N.Y. July 24, 2015); *see also, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (noting that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access" and that "the item filed must be relevant to the performance of the judicial function and useful in the judicial process" (internal quotation marks omitted)). Accordingly, the parties' requests to file certain documents under seal or in redacted form are granted. Within **one week**, the parties shall file with the Court's Sealed Records office unredacted versions of any documents for which redacted copies are available on the docket. By the same date, any

---

[5]   In their memorandum, Respondents invited the Court, in the event it concluded that there was jurisdiction over Doscher's petition, to issue an order confirming the arbitration award under Section 9 of the FAA. (Resp'ts' Mem. 25). Given that the Court has determined that it lacks jurisdiction, Respondents' request is arguably moot. In any event, Respondents make no effort to establish that the Court would have subject-matter jurisdiction over a stand-alone petition to confirm under Section 9, which also lacks Section 4's "unique jurisdictional hook." *Crews*, 848 F. Supp. 2d at 600. Accordingly, the Court declines Respondents' invitation.

documents that were previously submitted to the Court, but not filed with the Sealed Records office, shall also be submitted to the Sealed Records office.

## CONCLUSION

For the reasons stated above, Doscher's petition to vacate the arbitration is dismissed for lack of subject-matter jurisdiction. The Clerk of the Court is directed to terminate Docket No. 31 and to close the case.

SO ORDERED.

Date: August 5, 2015
New York, New York

JESSE M. FURMAN
United States District Judge